RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/12/05

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA HARVEY | Civil Action No. 6:05-cv-0120 |
| versus | Judge Tucker L. Melançon |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | Magistrate Judge Methvin |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment Pursuant to ERISA Case Order filed by defendant Unum Life Insurance Company [Rec. Doc. 17], plaintiff Lisa Harvey's Opposition thereto [Rec. Doc. 26], and defendant Unum Life Insurance Company's Reply [Rec. Doc. 25]. For the following reasons, defendant's Motion for Summary Judgment will be granted in part as to the issues of ERISA preemption of state law and Unum Life Insurance Company having discretionary authority to determine benefit eligibility and to interpret terms of the policy. Further, defendant's Motion for Summary Judgment will be denied in part as to the issue of completeness of the administrative record. This matter will be remanded to the plan administrator for further consideration consistent with this Ruling.

*I. Background*

This action is brought under the Employment Retirement Income Security Act

1

(ERISA), 29 U.S.C. §1001, et. seq. The following factual background is undisputed by the parties.[1]

On January 14, 2004, Plaintiff Lisa Harvey ("Harvey") claimed long-term disability benefits under a long-term disability policy, Policy Number 576491, issued by Unum Life Insurance ("Unum") to Central Control, Inc., the parent company of plaintiff's employer, Eunice Manor Nursing Home. (*Defendant's Statement of Uncontested Facts*, No. 4). The claim was based on an accident Harvey was involved in, which occurred on July 14, 2003. (*Plaintiff's Supplemental Memorandum in Opposition*, p. 2). Harvey's claim for long-term disability benefits was initially denied on June 16, 2004. (*Defendant's Statement of Uncontested Facts*, No. 1). An administrative appeal followed and Unum upheld its decision to deny benefits on October 14, 2004. (*Id.*, No. 2). Harvey filed this lawsuit on December 22, 2004 in the 27th Judicial District, St. Landry Parish. (*Id.*, No. 3). The matter was removed to this Court on January 21, 2005, pursuant to 28 U.S.C. §1441, et seq. [Rec. Doc. 6].

*II. Summary Judgment Standard*

---

[1] Plaintiff's memorandum in opposition to defendant's motion for summary judgment does not dispute defendant's statements of material fact.

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.*

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the Court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the Court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find

that there are no genuine issues of material fact, however, the Court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

*III. Analysis*

In its Motion for Summary Judgment, defendant avers that (1) ERISA preempts all state law claims; (2) the administrative record is complete; and (3) Unum has discretionary authority to determine eligibility benefits and to interpret the terms and provisions of the plan and policy. (*Defendant's Memorandum*, p. 12).

*A. ERISA Preempts All State Law Claims.*

Unum seeks summary judgment on the issue of whether ERISA preempts plaintiff's state law claims. The Joint Stipulation Regarding ERISA states that "Plaintiff, Lisa Harvey, and defendant, Unum Life Insurance Company of America, through undersigned counsel, hereby stipulate that the Employee Retirement Income Security Act of 1974 ("ERISA") governs the employee benefit plan at issue in the captioned matter." [Rec. Doc. 14]. However, Harvey backtracks in her Response to ERISA Case Order [Rec. Doc. 16], and in her Opposition Memorandum to Defendant's Motion for Summary Judgment [Rec. Doc. 26]. Specifically, plaintiff argues that ERISA does not preempt her state law right to have "all of her medical records examined to determine if she is disabled and the right to be entitled to penalties and attorney fees if appropriate." (*Plaintiff's Response*, ¶ B).

The ERISA preemption clause states that ERISA "shall preempt any and all state laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. §1144(a). "A state law 'relates to' an employee benefit plan if it has a connection with or reference to such a plan." *Smith v. Texas Children's Hospital*, 84 F.3d 152, 155 (5th Cir. 1996). "Thus, ERISA preempts a state law claim 'if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and the beneficiaries.'" *Id.* (quoting *Hubbard v. Blue Cross & Blue Shield Assoc.*, 42 F.3d 942, 945 (5th Cir. 1995)).

The nature of the allegations presented in plaintiff's complaint, as well as the relief sought, indicate that plaintiff's claims involve the precise claims preempted by ERISA, a claim directly affecting the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries. Plaintiff has not presented any evidence to dispute ERISA preemption over her state law claims. In deed, Harvey stipulated that ERISA governed the employee benefit plan at issue. (*Joint Stipulation*, Rec. Doc. 14). Accordingly, the Court finds that ERISA preempts all state law claims related to Harvey's employee benefit plan.

*B. The Plan Vests the Administrator With Discretionary Authority.*

Defendant requests that the Court grant summary judgment on the issue of whether the plan allows the plan administrator, Unum, discretionary authority to determine eligibility for benefits and to interpret the terms of the policy. Without providing any legal or factual support, Plaintiff contends that "the plan administrator does not have discretionary authority to determine the eligibility of benefits and to construe the terms of the plan because plaintiff has not seen the plan, does not know its terms and conditions and the decision as to whether plaintiff is disabled or not should be determined by the Court." *(Plaintiff's Response,* ¶ A).

The Supreme Court has established that a denial of ERISA benefits by a plan administrator should be reviewed *de novo* by the courts unless the plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 113-17 (1989). Challenges to the plan administrator's eligibility determination and interpretation of plan provisions, like the ones presented in this case, are reviewed under an abuse of discretion or "arbitrary and capricious" standard if the plan grants the administrator the authority to make a final and conclusive determination of the claim. *Goselnik v. American Tel. and Tel., Inc.*, 272 F.3d 722, 726 (5th Cir. 2001).

6

Defendant correctly asserts that the Plan grants such authority to the Administrator, and, thus, the Administrator's decision is subject to an abuse of discretion standard of review. *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1305 (5th Cir. 1994). The Plan provides that ". . . when making a benefit determination under the policy, UNUM has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy." (*UACL* 00058). The Plan further provides that ". . . the Plan Administrator, and any designee (which shall include Unum as a claims fiduciary) will have the broadest discretion permissible under ERISA and any other applicable laws." (*UACL* 00081). Therefore, the administrator's determination regarding the denial of benefits and the interpretation of policy terms is reviewed for an abuse of discretion. *Duhon*, 15 F.3d at 1306.

The Court finds that the Plan granted Unum discretionary authority to determine benefit eligibility and to interpret terms of the policy.

*C. The New Evidence is Remanded to the Administrator for Further Assessment.*

Plaintiff contends that the administrative record should be expanded to include several medical reports and documents not already contained therein. (*Plaintiff's Response,* ¶ B.). Unum acknowledges that the administrative record includes the following exhibits: (1) a letter from Unum to Harvey, dated October 14, 2004; (2) a

letter from Unum to Dr. Deshotel, dated May 11, 2004; (3) "Doctor's Statement" from Dr. Deshotel, dated July 14, 2003; (4) "Doctor's Statement" from Dr. Deshotel, dated December 31, 2003; (5) an office note from Dr. Randal, dated July 2, 2004; (6) a duplicate "Doctor's Statement" from Dr. Deshotel, dated December 31, 2003; and (7) a duplicate "Doctor's Statement" from Dr. Deshotel, dated July 14, 2003. (*Defendant's Supplemental Memorandum*, p. 2). After the initial denial, Harvey submitted to Unum the additional exhibits for consideration: (1) an MRI report, dated July 7, 2004 and (2) a note from Dr. Deshotel, dated July 9, 2004. (*Defendant's Memorandum*, p. 2). On July 27, 2004, Unum notified Harvey that the additional information was insufficient to reverse its initial decision to deny coverage. (*Id.*). At that time, Unum advised Harvey of her right to an administrative appeal. (*Id.*). While under appeal, Harvey further submitted to Unum the following exhibits: (1) a duplicate note from Dr. Deshotel, dated July 9, 2004; (2) plaintiff's worker's compensation application; (3) a letter appealing the denial of worker's compensation from plaintiff's counsel; (4) correspondence from plaintiff's counsel, advising her employer of the unavailability of light duty work; (5) correspondence from plaintiff's counsel to her employer, seeking assistance with filing her disability claims; and (6) correspondence from plaintiff's counsel to another insurer seeking short-term disability benefits. (*Id.* at 3). After the completion of the second medical review, Unum advised Harvey of its decision to maintain its position, denying long-term

8

disability benefits. (*Id.*). On December 22, 2004, Harvey instituted suit in the 27th Judicial District Court, St. Landry Parish. (*Defendant's Statement of Uncontested Facts*, No. 3).

Since the filing of this lawsuit, Harvey has produced the following additional records: (1) the Social Security Administration's Notice of Award, dated, February 22, 2005; (2) a Referral Notice to Dr. Raffai, dated October 19, 2004; (3) a LSU Medical Center Radiology Report, dated October 11, 2004; (4) a Progress Report from Dr. Raffai, dated November 2, 2004; (5) a letter from Dr. Raffai to Dr. Mayeaux, dated November 9, 2004; (6) a Progress Report from Dr. Raffai, dated November 16, 2004; (7) a Progress Report from Dr. Raffai, dated December 9, 2004; (8) a Progress Report from Dr. Raffai, dated January 5, 2005; (9) a Progress Report from Dr. Raffai, dated January 27, 2005; (10) a Progress Report from Dr. Raffai, dated March 30, 2005; (11) a Progress Report from Dr. Raffai, dated April 20, 2005; (12) a Progress Report from Dr. Raffai, dated May 11, 2005; (13) a Progress Report from Dr. Raffai, dated May 31, 2005; and (14) a Letter from Dr. Gunderson to Ms. Duhon, a Dispute Resolution Specialist, dated June 8, 2005. (*Defendant's Supplemental Memorandum*, pp. 2-3).

Although no statutory or jurisprudential authority is cited, plaintiff's counsel asserts that "it would be a grave injustice for her to be denied long-term disability benefits . . . due to the fact that not all of the evidence was in existence at the time the

decision was made." *(Plaintiff's Supplemental Memorandum in Opposition,* ¶ 2). Unum contends that the administrative record includes all of the information submitted by Harvey during the review process and that documents submitted after the initiation of this suit should not be included. *(Defendant's Supplemental Memorandum,* pp. 2-3).

Unum relies on *Vega v. National Life Insurance Services, Inc.* in support of its position that the administrative record should be deemed complete. 188 F.3d 287 (5th Cir. 1999). In *Vega,* the United States Court of Appeals for the Fifth Circuit held that "evidence may not be admitted in the district court that is not in the administrative record when that evidence is offered to allow the district court to resolve a disputed issue of material fact regarding the claim." *Id.* at 289. "The Court may not consider evidence that is not part of the administrative record." *Id.* at 300. It is well settled in the Fifth Circuit that the Court may not consider evidence found outside the administrative record when determining whether the plan administrator abused its discretion in denying benefits. However, exclusion of newly submitted evidence is not the Court's only option.

In *Offutt v. Prudential Ins. Co.,* the Fifth Circuit held, "In reviewing an administrator's decision, a court must focus on the evidence before the administrator at the time his final decision was rendered." 735 F.2d 948, 950 (5th Cir. 1984). "Thus, the reviewing court may not hold a de novo hearing on the question of a

claimant's entitlement to benefits under an employee benefit plan." *Id.* "If new evidence is presented to the reviewing court on the merits of the claim for benefits, the court should, as a general rule, remand the matter to the plan administrator for further assessment." *Id.*

Accordingly, the Court finds that this case should be remanded to the plan administrator for further consideration of plaintiff's additional exhibits, as it pertains to the "claimant's entitlement to benefits."

*IV. Conclusion*

For the foregoing reasons, the Court finds that ERISA preempts all of plaintiff's state law claims. The Court further finds that the plan administrator possesses discretionary authority to determine eligibility for benefits and to construe the terms of the plan. This matter will be remanded to the plan administrator for further consideration consistent with this Ruling.

COPY SENT
DATE 10/14/05
BY [signature]
TO TU